UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

vs.                             Case No. 2:09-cv-96-FtM-29SPC

TRACT C05-19, 10.0 ACRES OF LAND,
MORE OR LESS IN COLLIER COUNTY,
FLORIDA, LINDA HODES BURGER, ET AL.,

          Defendant.
_____

**OPINION AND ORDER**

    This matter came before the Court on July 6, 2010, for a bench trial on the matter of just compensation in 9 condemnation proceedings. All parties known or believed by plaintiff to have an interest in the property have been properly served or notified as provided by Fed. R. Civ. P. 71.1. No property owner or claimant appeared at trial.

    The Court heard testimony from John R. Underwood, President and owner of Appraisal and Acquisition Consultants, Inc., where Mr. Underwood has been working as a real estate consultant and supervisor of other appraisers since 1983. Mr. Underwood testified on behalf of the government regarding the appraised value of the parcels of land subject to condemnation proceedings. Mr. Underwood started his career as an appraiser in 1971 working for First Federal Savings & Loan of Lake Worth, Florida. After obtaining his Bachelor's Degree from Florida State University in 1970, Mr. Underwood took courses for his

professional designations and received training from the Appraisal Institute.  Mr. Underwood received his MAI (general) designation in 1981, which requires experience, required courses, a Masters thesis equivalent, and peer review.  Mr. Underwood also received his SRA (residential) designation in 1979, from the Appraisal Institute, which has similar requirements but for single family residential properties. In compliance with continuing education obligations, Mr. Underwood must complete 30 hours every 2 years for the State of Florida and 100 hours every 5 years for the Appraisal Institute to maintain the designations.  Mr. Underwood has taught classes and has been on the faculty of the Appraisal Institute since 1982.  Mr. Underwood has previously testified more than 100 times in condemnation proceedings, has conducted about 1000 appraisals in the Everglades National Park, and 200 appraisals in the Big Cypress project.

   Mr. Underwood inspected the subject properties by helicopter and updated appraisal was conducted in June 2010.  Mr. Underwood testified as to the common characteristics of the land as:  (1) remote; (2) critical environmental land; (3) wet; (4) swamp land; and (5) unimproved.  To determine market value, Mr. Underwood used a sales comparison approach, which is a theory of substitution, by comparing 10 public record sales and finding values ranging from a low of $800.00 to a high of $2,000.00.  The subject tracts all have the highest and best use of passive recreational.  Mr. Underwood concluded that the fair market value for each tract of land before the Court is $1,500.00 per acre.

The Court, having considered the testimony and other evidence, hereby **ORDERS AND ADJUDGES:**

1.  The Plaintiff has the right to condemn the subject properties for the public purpose set forth in the Complaints in Condemnation.

2.  Just Compensation for the taking of the fee simple title to Property, is **$1,500.00 per acre,** rounded up to the nearest 100, for a total value of **$15,000.00**. Payment of the Just Compensation will be in full satisfaction of any and all claims of whatsoever nature against the Plaintiff by reason of the institution and prosecution of this action and taking of the subject properties.

3.  Plaintiff will deposit the Just Compensation determined at trial into the Registry of the Court within **SIXTY (60) DAYS** of this Order. The Clerk shall administratively close the file pending the entry of final judgment.

4.  On the date of the deposit of the Just Compensation into the Registry of the Court, title to the Property will vest in the Plaintiff and the Plaintiff will be entitled to immediate possession of the Property. Upon making such deposit, Plaintiff will timely notify the Court and move for a final judgment of condemnation by filing a motion.

5.  The Just Compensation will be subject to all real estate taxes, liens and encumbrances of whatsoever nature existing against the Property at the time of vesting the title thereto in the Plaintiff

and all such taxes, liens, encumbrances of whatsoever nature will be payable and deductible from the Just Compensation.

6. The Clerk of the Court will retain the deposited Just Compensation until further Order of this Court upon consideration of any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation. Plaintiff's counsel shall notify the Clerk of the Court as each remaining case reaches a **zero balance** so that the case may be closed.

7. In the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of **FIVE (5) YEARS** from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America or the National Park Service, as appropriate.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of July, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Kyle Scott Cohen, AUSA
Parties of record

Intake
Finance